Del Toro *v.* The Municapal Court.

Appeal from the District Court of Mayagüez.

No. 473.—Decided March 28, 1910.

Certiorari—Attachment of Chattels—Capacity of Petitioner.—It appearing from the record that the petitioner, on filing his application for the writ of *certiorari,* had ceased to be the owner of the chattels the attachment of which it was sought to dissolve, the court held that, even supposing that the municipal court had erred, its errors were not prejudicial to the petitioner, because he was no longer the owner of the property attached and, therefore, was without capacity to petition for the writ of *certiorari.*

The facts are stated in the opinion.

The appelant appeared in his own behalf.

Mr. Justice Figueras delivered the opinion of the court.

Carlos del Toro Fernández filed a sworn application for a writ of *certiorari* in the District Court of Mayagüez to the

municipal court of Cabo Rojo, calling for the original record of civil case No. 10 entitled *Juan Padilla Cintrón* v. *Tomás Cantizani,* or the person who may be the owner of a cow with calf held in custody, in which action the plaintiff claimed $25 as damages caused him by said animal in certain sugar plantations.

The defendant, Contizani, proved that he was not the owner of the cow and the proceedings were ordered continued, although under the express condition that if during the publication of the notices anyone should appear and swear that he was the owner of the cow and calf, the proceedings would be suspended.

Carlos del Toro Fernández, in view of this reservation appeared and swore that the cow and calf belonged to him and requested that "they be delivered to José Bernardini to whom he sold them," adding "that the sale had not been consummated, the same remaining ineffective on account of the refusal of the court to deliver the said animals."

It appears that the action was prosecuted against Bernardini and judgment was rendered directing the publication of new notices for the sale of the cattle on October 21, 1909.

Then the petitioner, Carlos del Toro Fernández, filed a motion alleging and swearing that he had no other property and, therefore, that such animals were exempt from execution and requested that the cattle should be turned over to him, which motion was denied by the municipal judge of Cabo Rojo and an appeal having been taken from his order it was also denied, and consequently the petitioner alleges that he is deprived of said remedy to obtain a just and impartial decision.

In addition to this error it is alleged that section 249 of the Code of Civil Procedure has been violated which exempts from execution that number of cattle, and the third paragraph of section 328, as amended by the Act of March 1, 1905, which exempts from costs, when the damages do not exceed $100, as occurs in this case.

With these antecedents taken from his sworn petition, Toro Fernández applied to the District Court of Mayagüez praying that, in view of civil case No. 10, to which we have referred, the same to be called for by writ of *certiorari,* it be pleased to render judgment annulling the proceedings, from March 23, 1909, when judgment was rendered, ignoring Tomás Cantinzani thereafter, and directing the dissolution of the attachment of the cow and its calf and the delivery thereof to the petitioner who had established his ownership, with the costs against the party against whom this extraordinary remedy is sought.

The Judge of the District Court of Mayagüez rendered the following decision:

"In view of the allegations of the petitioner, Carlos del Toro Fernández, and in view also of the record in this court in cause No. 2400 of *Juan Padilla Cintrón* v. *José Bernardini,* the successor in interest of the petitioner, Carlos del Toro Fernández, the court denies the application for a writ of *certiorari* against the municipal court of Cabo Rojo. Mayagüez, P. R., October 20, 1909. (Signed) Otto Schoenrich, District Judge."

From this order Toro Fernández took an appeal to this Supreme Court.

In the brief filed in this court, it is alleged that the Judge of the District Court of Mayagüez erred because the writ of *certiorari* was applied for against the proceedings had in the municipal court of Cabo Rojo in civil case No. 10, entitled *Juan Padilla Cintrón* v. *Tomás Cantinzani,* "or the person who may be the owner of the cow held in custody, for the recovery of a sum of money," and not on account of errors of procedure committed in civil case No. 2400 of *Juan Padilla Cintrón* v. *José Bernardini,* which is the case the judge had before him in denying the writ of *certiorari.*

But if the order appealed from be carefully examined, it will at once be seen that the trial judge took the proper action because it appears from the sworn statement of the

petitioner that he requested the municipal court of Cabo Rojo to deliver the cattle to José Bernardini to whom he sold them and from that moment it is to be assumed that the proceedings continued against said Bernardini, the successor in interest of the petitioner, on account of his having bought the cattle in question from the latter.

So that Carlos del Toro Fernández had nothing more to do with these proceedings and, therefore, even assuming that the errors indicated had been committed, we do not see how they could have prejudiced Carlos del Toro Fernández in any way, as he ceased to be the owner of the cattle by sale thereof to José Bernardini to whom he requested that they be delivered.

Thus it may be seen on the face of the petition itself that Toro Fernández could not have been caused any damage whatever, and under the circumstances the writ of *certiorari* will not issue.

The trial judge must surely have so held and, therefore, his decision of October 20, 1909, should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.